UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID LODDER,  No. 09-10625

                Debtor(s).
_____/

DAVID LODDER,

                Plaintiff(s),

    v.  A.P. No. 11-1275

ZIONS FIRST NATIONAL BANK, N.A.,

                Defendant(s).
_____/

Memorandum on Counter-Motions for Summary Judgment
_____

      When plaintiff David Lodder filed his Chapter 7 petition on March 11, 2009, he forgot that some years before he had guaranteed a very large debt to defendant Zion First National Bank. When the bank contacted him and he first realized that he had omitted the debt, the claims bar date had passed but the estate had not been distributed. Lodden filed a proof of claim for the Bank, which was allowed and paid along with the claims filed before the bar date.[1]  Both Lodden and the Bank argue

---

[1] A debtor is authorized to file a proof of claim for a creditor pursuant to § 501(c) of the Bankruptcy Code. That the Bank disdained its distribution check is of no moment.

1

that they are entitled to summary judgment on these facts.[2]

This case is governed by § 523(a)(3)(A) of the Bankruptcy Code which provides, in pertinent part, that a debt is not discharged if the creditor did not know about the bankruptcy "in time to permit . . . timely filing of a proof of claim . . . ." The Bank interprets the phrase "timely filing of a proof of claim" as meaning "by the claims bar date" whereas Lodden interprets it as meaning "in time to receive a dividend."

Section 523(a)(3) was interpreted in *In re Laczo,* 37 B.R. 676, 679 (9th Cir. BAP 1984), aff'd 772 F.2d 912 (9th Cir. 1985). The court there held that it means that a debt is not discharged if the creditor had no knowledge of the bankruptcy in time for its claim "to be proved and allowed in the bankruptcy proceedings." Since the Bank's claim was proved and allowed, the court agrees with Lodden that the Bank received notice in time. This is consistent with the general notion that a creditor is entitled to share in the dividend or have its claim survive bankruptcy, but not both, unless the debt was incurred dishonestly.

The Bank makes due process claims which are easily dealt with. First, since there appeared to be no assets when the case was filed, the claims bar date was some 15 months after the case was filed and long after the deadline for objecting to discharge and exemptions had passed, but § 523(a)(3) nonetheless permits discharge of a debt without knowledge of these dates. Second, it is not enough for a creditor to argue that it had no knowledge of a deadline; it must also show that it lost a valid claim as a result. *In re Lochrie*, 78 B.R. 257, 259-60 (9th Cir. BAP 1987). Since the Bank has produced no evidence that it had a meritorious claim or right which it lost due to lack of knowledge of the last date to assert it, the Bank has not been deprived of any due process rights even if the court were to find § 523(a)(3) Constitutionally deficient.

For the foregoing reasons, the court will grant Lodder's motion and deny the Bank's motion.

---

[2]In a Chapter 7 case, a claim may be paid even though filed after the bar date pursuant to § 726(a)(2)(C) of the Code if the creditor did not know about the bankruptcy before the bar date and the estate has not yet been distributed.

2

Counsel for Lodden shall submit an appropriate form of order and a form of judgment declaring the Bank's claim discharged.

Dated: June 2, 2012

                                                    Alan Jaroslovsky
                                                  U.S. Bankruptcy Judge